Filed 6/1/15  P. v. Galindo CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDUARDO GALINDO,<br><br>    Defendant and Appellant. | B260285<br><br>(Los Angeles County<br>Super. Ct. No. BA422357) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David R. Fields, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

A criminal defendant who does not obtain a certificate of probable cause may challenge a plea based on the denial of a motion to suppress or based on grounds that arose after the entry of the plea. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)(4); *People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.) Here defendant Eduardo Galindo seeks to undo his no contest plea but did not obtain a certificate of probable cause. His counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 identifying no issue. We affirm.

## BACKGROUND

At the preliminary hearing, there was evidence that on March 10, 2014, defendant entered a Burger King and was not able to purchase food using food stamps. Defendant became upset, threatened to harm the pregnant restaurant clerk's unborn child, and threatened to kill everyone in the restaurant.

Defendant was charged with criminal threats (Pen. Code, § 422, subd. (a)) and pled no contest. Defendant was advised of his constitutional rights and the consequences of his plea, and he indicated that he understood. Defendant stated that he was pleading no contest freely and voluntarily. Defendant's counsel joined in his waiver. The trial court found that defendant's waiver of his right to a jury trial was voluntary, knowingly and intelligently made.[1]

Subsequently defendant sought to withdraw his plea on the ground that he did not knowingly and intelligently waive his right to a jury trial. Defendant expressed concern that the prosecutor interviewed a potential witness after the witness testified at an Evidence Code section 402 hearing. Defense counsel represented that defendant was aware of the interview prior to pleading no contest. The court denied defendant's motion to withdraw his plea, finding no good cause. The court reiterated that defendant's no contest plea was voluntarily made.

---

[1]     Defendant also pled guilty to having served seven prior prison terms, but the court subsequently concluded that they did not qualify.

2

Defendant requested a certificate of probable cause for appeal on the ground that he entered the plea because the prosecutor committed misconduct by interviewing a defense witness and "persuading the defense witness to change his testimony at trial in a way that is detrimental to the defense theory of the case." The court denied the requested certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant. Counsel identified no issues. We advised defendant that he had 30 days to submit a letter identifying any contentions, and defendant did not file a letter. We have examined the entire record. We are satisfied no arguable issue exists, and defendant's counsel has fully satisfied his responsibilities. (*People v. Wende, supra*, 25 Cal.3d 436, 441-443; see also *People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *Smith v. Robbins* (2000) 528 U.S. 259, 279-284.)

## DISPOSITION

The judgment is affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.

3